IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ARTHUR WHITE                                                                                              PLAINTIFF

VS.                                                               CIVIL ACTION NO. 3:05cv407-DPJ-JCS

CHRISTOPHER EPPS and
EMITT SPARKMAN                                                                                      DEFENDANTS

REPORT AND RECOMMENDATION

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections (MDOC). Defendant Christopher Epps is the Commissioner of MDOC.  Defendant Emmit Sparkman was MDOC's Deputy Commissioner during the relevant time period.  Plaintiff brought this action pursuant to 42 U.S. C. § 1983 alleging that Defendants violated his rights under the Eighth and Fourteenth Amendments when they enacted a policy prohibiting sex offenders from participating in the prison system's rehabilitative work programs.  Presently before the court is Defendants' motion to dismiss the complaint. Having considered the motion and Plaintiff's response, the undersigned recommends that the motion be denied.

In support of their motion, Defendants argue that the complaint should be dismissed because Plaintiff has failed to exhaust his administrative remedies.  The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002).  However, failure to exhaust administrative remedies does not

deprive the court of jurisdiction over a § 1983 claim. *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998). A prisoner may be excused from exhausting his administrative remedies where "irregularities in the administrative process itself" prohibit him from doing so. *Shah v. Quinlin*, 901 F.2d 1241, 1244 (5th Cir. 1990).  Moreover, there is a "substantial effort exception" to the exhaustion requirement. *Rourke v. Thompson*, 11 F.3d 47, 51 n. 10 (5th Cir. 1993).  Finally, an administrative remedy is inadequate where prison officials ignore or interfere with a prisoner's pursuit of relief. *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982), and available administrative remedies are deemed to be exhausted when the time limits for the prison's response set forth in its own grievance procedure rules have expired. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999); *Underwood,* 151 F.3d at 295.

Plaintiff alleges that he submitted his grievance to MDOC's Administrative Remedy Program (ARP) in February of 2005.  He received his first step response on June 16, 2005, and sent in his second step request on that same date.  Plaintiff indicates that he has never received a response to his second step request.  Plaintiff also points out that pursuant to the ARP policy, unless an extension is granted, no more than ninety days is to elapse from the beginning to the end of the ARP process.  The undersigned concludes that under the applicable case law cited above, Plaintiff has made a sufficient showing of exhaustion and that Defendants' motion to dismiss on this basis should be denied.

Defendants also maintain in support of their motion that pursuant 42 U.S.C. § 1997e(e) , Plaintiff is barred from recovering compensatory damages because he has suffered no physical injury.  Section 1997e(e) does not, however, preclude recovery of

2

other damages, such as nominal and punitive damages. Accordingly, this limitation on damages does not provide a basis for dismissal of the complaint.

Finally, Defendants' motion, which is not accompanied by a memorandum of authorities, contains a one-sentence statement that Plaintiff has failed to state a cognizable claim under section 1983. Defendants are very likely correct. Indeed, this court has previously held in a similar case that no constitutional rights were violated by the MDOC's restrictions concerning rehabilitative work programs. *See O'Banion v. Epps*, 2005 WL 2361642 (S.D. Miss.). However, in the absence of any argument or citation of authority by Defendants on this point, the undersigned recommends that the complaint not be dismissed at this time. After the court conducts a *Spears*[1] hearing, Defendants may renew their motion to dismiss on this basis.

For the reasons stated herein, the undersigned recommends that Defendants' motion to dismiss be denied. The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report by February 15, 2007,  will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 29th day of January, 2007.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)